UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO,<br><br>    Plaintiff,<br><br>    v.<br><br>SUPERIOR COURT OF KERN COUNTY, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-01467 - AWI - JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND |

    Israel Maldonado ("Plaintiff") commenced this action on August 21, 2012, by filing a civil rights complaint and declaration in support of a request to proceed *in forma pauperis*. (Docs. 1-2). For the following reasons, the Court recommends Plaintiff's request to proceed *in forma pauperis* be **DENIED** and the complaint be **DISMISSED** without leave to amend.

**I.**    **Request to proceed *in forma pauperis***

    As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* ("IFP") is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)).  In addition, the Court has broad discretion to grant or deny a motion to proceed IFP.  *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller,* 314 F.2d at 600-01.  In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends Plaintiff's application to proceed in forma pauperis be denied because, as discussed below, Plaintiff's complaint fails to state a meritorious claim upon which relief may be granted.  See 28 U.S.C.§ 1915(e)(2).

**II.     Screening Requirement**

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and identify "cognizable claims."  See 28 U.S.C § 1915(a)-(b).  The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**III.    Pleading Standards**

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  The

purpose of the complaint is to give the defendant fair notice and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.     Section 1983 Claims**

Plaintiff seeks to proceed in this action under 42 U.S.C. § 1983 ("Section 1983"), which "is a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Thus, an individual may bring an action for the deprivation of civil rights pursuant to Section 1983, which states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a cognizable claim under Section 1983, a plaintiff must allege facts from which it may be inferred (1) he was deprived of a federal right, and (2) a person or entity who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

### V.     Discussion and Analysis

Plaintiff alleges his right to due process under the Fourteenth Amendment was violated by the Kern County Superior Court, including the public defender, district attorney, judge, and court clerk.[1] (Doc. 1-1 at 3-5). According to Plaintiff, he was not read his *Miranda* rights "on time or at all," did not have an opportunity to speak to the public defender prior to the proceedings, and the evidence did not "add up" to the crime with which he was charged. (Doc. 1-1 at 6-7). However, Plaintiff is unable to state a cognizable claim against these defendants.

####     1.     Judicial Immunity

The judge presiding of Plaintiff's case has absolute immunity. *Forrester v. White*, 484 U.S. 219, 225 (1988). The Ninth Circuit explained: "Judges and those performing judge-like functions are absolutely immune for damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 739 F.2d 1072, 1075 (9th Cir. 1986) (citing *Richardson v. Koshiba*, 692 F.2d 911, 913 (9th Cir. 1982)). Thus, the doctrine of judicial immunity protects "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants." *Forrester*, 484 U.S. at 225 (1988).

Such absolute judicial immunity is lost "only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Even when a judge is accused of acting maliciously, corruptly, or erroneously, judicial immunity remains. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is not overcome by allegations of bad faith or malice"); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999) ("A judge is not deprived of immunity because he takes actions which are in error, are done maliciously, or are in excess of his authority"). Plaintiff has not set forth any allegations demonstrating that judicial immunity should not apply here.

---

[1] Plaintiff asserts the names of the public defender, judge, and court clerk are not available. (Doc. 1-1 at 3-4).

### 2.     Quasi-Judicial Immunity

Plaintiff also names the "Court Clerk" as a defendant, asserting the clerk failed to take action on complaints he submitted and a writ of habeas corpus. (Doc. 1-1 at 4). Importantly, court personnel have absolute quasi-judicial immunity when they perform tasks that are an integral part of the judicial process. *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996); *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002). Here the allegations against the clerk involve decisions that are part of the judicial function. Accordingly, the Clerk of Court is protected by quasi-judicial immunity.

### 3.     Prosecutorial Immunity

The district attorney is also protected by absolute immunity when acting in the scope of his duties in the investigation and pursuit of a criminal prosecution. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) (it is "well established that a prosecutor has absolute immunity for the decision to prosecute a particular case"); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir.1984) (prosecutors are absolutely immune from civil liability for post-litigation as well as pre-litigation handling of case). Immunity extends to "the preparation necessary to present a case," including "obtaining, reviewing, and evaluation of evidence." *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3rd Cir. 1992). Thus, although Plaintiff believes the evidence did not support his charges, the district attorney is immune from suit for his prosecution of the action.

### 4.     Public Defender

A public defender does not act under color of state law when acting in the role of an advocate. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). The Supreme Court explained public defenders do not act under color of state law because their conduct as legal advocates is controlled by professional standards that are independent of the administrative direction of a supervisor. *Id.* at 312-22. Consequently, Plaintiff is unable to proceed against his public defender for a violation of his civil rights under Section 1983.

## VI.     Findings and Recommendations

For the foregoing reasons, Plaintiff is unable to proceed against the defendants for violations of his right to due process under the Fourteenth Amendment. Further, the deficiencies of Plaintiff's

complaint cannot be cured by amendment.  Because leave to amend would be futile, Plaintiff should not be given leave to amend his complaint.  *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's request to proceed *in forma pauperis* be **DENIED**;
2. Plaintiffs Complaint be **DISMISSED WITHOUT LEAVE TO AMEND**; and
3. The Clerk of Court be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 20, 2013**              **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE